Marian F. Harrison
US Bankruptcy Judge

Dated: 3/23/2016

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 314-09865 |
| SHARON MARIE SHIPPY, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) (by interchange) |
| | ) |
| | ) CHAPTER 13 |
| | ) |

## OPINION

This matter came before the Court on the Chapter 13 Trustee's (hereinafter "Trustee") motion to disallow the claim of LVNV Funding, LLC (hereinafter "LVNV"). For the following reasons, the Court finds that the Trustee's motion should be granted and that LVNV's claim should be disallowed.

## I. FACTS

The relevant facts have been stipulated by the parties. On July 10, 2008, the debtor filed a voluntary Chapter 13 petition (Case No. 308-05880). On the debtor's Schedule F in this first case, the debtor scheduled a general unsecured claim in the amount of $8379 on behalf of "Chase" arising out of a credit card account. The claim was not identified as disputed, contingent, or unliquidated. The plan in this first bankruptcy case guaranteed a

dividend of not less than 20% to unsecured creditors. On November 6, 2008, Roundup Funding, LLC (hereinafter "Roundup") filed a proof of claim, asserting a general unsecured claim in the amount of $8620.42 arising out of a Chase Bank USA, N.A. (hereinafter "Chase") credit account. The case was dismissed on June 18, 2009, for failure to meet the conditions for payment into the debtor's plan. No distributions were made toward any unsecured claims during the pendency of the debtor's first bankruptcy case.

On August 4, 2009, the debtor filed another voluntary Chapter 13 petition (Case No. 309-08804). On Schedule F, the debtor scheduled a general unsecured claim in the amount of $8379 on behalf of "Chase" arising out of a credit card account. Again, the claim was not identified as disputed, contingent, or unliquidated. The debtor's plan in this second case was confirmed on October 28, 2009. Like the plan in the first case, it guaranteed a dividend to general unsecured creditors of not less than 20%. On August 7, 2009, Roundup filed a proof of claim, asserting a general unsecured claim in the amount of $8620.42 arising out of the credit card account. On March 8, 2010, the Trustee filed a "Trustee's Notice of Intent to Pay Claims." Roundup's claim was included in the claims to be deemed allowed. On December 1, 2011, Roundup assigned its proof of claim to East Bay Funding (hereinafter "East Bay"). On September 23, 2014, the second bankruptcy case was dismissed for failure to fund the plan.

The debtor filed this third Chapter 13 petition on December 18, 2014. On Schedule F, the debtor scheduled a general unsecured claim in the amount of $5230 on behalf of "Chase" arising out of a credit card account. Again, the claim was not identified as disputed, contingent, or unliquidated. LVNV is the current assignee of the credit card account and the debt arising therefrom. On April 30, 2015, LVNV filed a proof of claim in the amount of $8620.42.

The debtor became delinquent on the credit card account (an open-ended credit agreement) held by LVNV no later than September 5, 2008, a date more than six years prior to the filing of the third bankruptcy case. On July 24, 2015, the Trustee filed a "Trustee's Notice of Intent to Pay Claims" in this third bankruptcy case, identifying LVNV's claim as an allowed claim and proposing to pay the allowed claims unless disallowed. The debtor's plan was confirmed on April 23, 2015, and guaranteed a dividend to general unsecured creditors of no less than 20%. On August 26, 2015, the Trustee filed a motion to disallow LVNV's claim as time barred. The Court held a hearing on December 2, 2015, and took the matter under advisement.

## II. **DISCUSSION**

The Trustee asserts that LVNV's claim is barred by the applicable statute of limitations. Specifically, under T.C.A. § 28-3-109(a)(3), an action is barred on an open-ended contractual debt commenced more than six years after the cause of action accrued. In

addition, the Trustee asserts that nothing has tolled the statute of limitations nor has the debt been revived by the debtor listing the debt in her three bankruptcy petitions or by the Trustee not objecting to the claim in the prior two bankruptcy cases.

In response, LVNV contends that this case is unique because it involves three different bankruptcy petitions resulting in the debtor being in bankruptcy for all but approximately eight months since the filing of the first petition. Under these circumstances, the statute of limitations should be tolled. In the alternative, LVNV argues that because the plan was confirmed in the second bankruptcy case, a new obligation was created. Finally, LVNV asserts that the debtor revived the claim by listing the debt on Schedule F in all three petitions and/or the Trustee revived the debt in the second and third cases by filing a notice of intent to pay claims that included LVNV's claim.

At the hearing, the Court held that the applicable Tennessee statute of limitations was not tolled by the filing of the bankruptcy petitions, relying on the Tennessee Court of Appeals' decision in ***Rabbitt v. Mills***, No. M2004-01103-COA-R3-CV, 2005 WL 2012774, at *3 (Tenn. Ct. App. Aug. 22, 2005) (citing **Weaver v. Hamrick**, 907 S.W.2d 385, 391 (Tenn. 1995)) ("A bankruptcy stay itself cannot suspend the running of the statute of limitations."). Based on Tennessee case law, there is nothing to indicate that multiple bankruptcies would somehow change whether the statute of limitations was tolled by the automatic stay.

The remaining issue is whether the debt was revived either by the debtor listing the debt on Schedule F in all three bankruptcies and/or by the Trustee including the claim in the notice of intent to pay claims in the second and third cases.

Under Tennessee law, "a defendant may revive a plaintiff's remedy that has been barred by the statute of limitations either by expressly promising to pay the debt or by acknowledging the debt and expressing a willingness to pay it." *Swett v. Binkley,* 104 S.W.3d 64, 68 (Tenn. Ct. App. 2002) (citing *Ingram v. Earthman,* 993 S.W. 2d 611, 634 (Tenn. Ct. App. 1998)).

LVNV relies on *Dominguez v. Castaneda*, 163 S.W.3d 318 (Tex. App. 2005), to support its argument that the debt was revived by the listing of its claim in all three bankruptcy filings. In *Dominguez*, the Texas Court of Appeals affirmed the holding of the trial court that a claim barred by the statute of limitations may be, and was revived by a subsequent acknowledgment of its justness, which occurred when the plaintiff included the debt in her Chapter 13 bankruptcy proceedings. *Id.* at 324. In reaching its decision, the court stated, "we agree with the trial court that the [bankruptcy] filing was a promise to pay, albeit in compliance with the limitations of the Bankruptcy Code, in writing and signed by the Appellant as required by § 16.065." *Id.* at 328. The court noted that the date of the bankruptcy dismissal triggered a new obligation to pay the debt. *Id.*

Although there do not appear to be any cases addressing this issue under Tennessee law, the majority of courts that have addressed the issue have rejected the argument that the listing of a claim on a debtor's bankruptcy schedules is an acknowledgment of the debt  *See Hope v. Quantum3 Group LLC (In re Seltzer)*, 529 B.R. 385, 393 (Bankr. M.D. Ga. 2015) ("debtor's scheduling of debts in compliance with the Bankruptcy Code is not the 'unqualified admission' of liability required under Georgia law"); *In re Vaughn,* 536 B.R. 670, 680 (Bankr. D.S.C. 2015) ("in most relevant contexts, listing a debt in a bankruptcy case is not a statement of intention to pay, but of a request of discharge of the liability"); *Biggs v. Mays*, 125 F.2d 693, 697 (8th Cir. 1942) (citations omitted) (listing of a claim in bankruptcy schedules does not take it out of the statute of limitations); *In re Tragopan Props., LLC,* 164 Wash. App. 268, 278, 263 P.3d 613, 618 (2011) ("[T]he very purpose of listing the debt in [the schedules to a bankruptcy petition] is to obtain relief from the debt."). Even if the Court agreed that the listing of the debt was sufficient to revive the debt, there does not appear to be any support for the argument that the debtor's statements in the petition would bind the Trustee as well.  *See In re Seltzer*, 529 B.R. at 392-93 (citation omitted) ("Although there are many reported decisions where courts have considered an entry in a debtor's schedules as an evidentiary admission, it is generally recognized that a debtor's schedules do not constitute admissions against the trustee.").

This Court agrees that the listing of the claim in the debtor's schedules did not create an acknowledgment by the debtor sufficient to revive LVNV's time barred claim.  Moreover,

6 - U.S. Bankruptcy Court, M.D. Tenn.

even if this was sufficient to revive the debt, it would not be binding on the Trustee and the estate.

Additionally, LVNV argues that by filing a Notice of Intent to Pay Claims in the second and third bankruptcies, the Trustee acknowledged and revived the claim. The problem with this argument is that there is no deadline for filing claim objections in a Chapter 13. *See Morton v. Morton (In re Morton)*, 298 B.R. 301, 309–10 (B.A.P. 6th Cir. 2003) (citations omitted) ("Neither the Bankruptcy Code nor Bankruptcy Rules contain a bar date or deadline for filing objections to claims in a chapter 13 case and we will not read one into the law where none exists."). Moreover, there is no authority for ruling that the filing of a notice of intent to pay can be construed as an acknowledgment that the claim is being revived. In fact, the Trustee is not required to file a notice of intent to pay, and it is mostly a courtesy to the debtor and debtor's counsel. Under LVNV's interpretation, a Trustee would not be able to object to claims once a notice of intent to pay was filed. Such an interpretation would unfairly bind the Trustee's hands and undermine the purposes of Chapter 13.

Finally, LVNV argues that both the debtor and the Trustee acknowledged and revived its claim when the debtor's plan in the second bankruptcy case was confirmed. Even under the interpretation adopted by the Texas courts, any of the statements made in the first or second bankruptcies would be irrelevant. In *Callan v. Deutsche Bank Trust Co. Americas*, 11 F. Supp. 3d 761 (S.D. Tex. 2014) amended, 93 F. Supp. 3d 725 (S.D. Tex. 2015), the

7 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:14-bk-09865    Doc 92    Filed 03/23/16    Entered 03/23/16 13:52:18    Desc Main
Document      Page 7 of 9

court held that when a debtor acknowledges "the justness of a claim during the pendency of the limitations period" the limitations period for that claim is not restarted. *Id.* at 768. "Since [the debtor's] acknowledgment of the Loan during her bankruptcy proceedings occurred during the pendency of the limitations period, that acknowledgment had no effect on the statute of limitations for [the creditor's] claim." *Id.*

Under the present facts, the debtor became delinquent on the credit card account no later than September 5, 2008. The debtor's plan in the second case was confirmed on October 28, 2009, and the Trustee's Notice of Intent to Pay Claims was filed on March 8, 2010. Both dates are well within the six-year statute of limitations period, and as such, could not restart the limitations period. *Id.*

### III. CONCLUSION

Accordingly, the Court finds that LVNV's claim is time barred pursuant to T.C.A. § 28-3-109(a)(3). Moreover, the Court finds that LVNV's claim has not been revived. Thus, the Trustee's motion to disallow LVNV's claim should be granted.

An appropriate order will enter.

8 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:14-bk-09865    Doc 92    Filed 03/23/16    Entered 03/23/16 13:52:18    Desc Main
Document    Page 8 of 9

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.